

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-82,685-01

### EX PARTE BILLY WAYNE HAYNES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B-35,839-A IN THE 161ST DISTRICT COURT
### FROM ECTOR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant of murder and assessed a life sentence. The Eleventh Court of Appeals affirmed the conviction. *Haynes v. State*, No. 11-11-00197-CR (Tex. App.—Eastland June 13, 2013) (not designated for publication).

Applicant raises several claims of prosecutorial misconduct and ineffective assistance of trial and appellate counsel. He has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Weinstein*, 421 S.W.3d 656, 665-6 (Tex. Crim. App.

2014); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999).

In grounds 1, 2, 6, and 8, he claims that the State presented testimony at trial from a jailhouse informant regarding an alleged admission and threat Applicant made to the informant. Applicant states he never talked with this informant, never made an admission, and never threatened him. He claims he was never housed with the informant or around him at the jail to make the admission and threat. He argues that the State presented false testimony of an admission and a threat, that trial counsel should have exposed the testimony as false, and that appellate counsel should have raised a prosecutorial misconduct claim regarding false testimony on direct appeal. He also faults trial counsel for not requesting a limiting instruction regarding the threat he allegedly made against the jailhouse informant. In ground 3, Applicant claims that the State presented false testimony from a jailer regarding an alleged admission and that trial counsel failed to expose the jailer's testimony as false. In ground 4, he claims that counsel failed to object to the State's characterization of his tattoos and using them as evidence against him. In grounds 5 and 7, he contends that counsel should have requested accomplice-witness instructions regarding two witnesses who testified and that appellate counsel should have raised an accomplice-witness issue on direct appeal.

There is no response from trial or appellate counsel in the record provided to this Court, and there are no findings from the trial court. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order trial and appellate counsel to respond to Applicant's claims of ineffective assistance by explaining counsels' representation of Applicant, including applicable strategy and tactical decisions. To obtain the response, the trial court may use any means set out in

TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding the claims raised in the habeas application. The trial court may also make any other findings of fact and conclusions of law it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 25, 2015
Do not publish